## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

NOAH JASON NEACE                                                                                          PLAINTIFF

V.                                         NO: 1:10CV00021 JLH/HDY

MOUNTAIN VIEW, CITY OF *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, currently incarcerated at the Stone County Jail, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #3), on April 13, 2010, naming as Defendants the City of Mountain View, Steve Brondhaven and David Burnett of the Mountain View Police Department, and Beverly Claunch, Plaintiff's public defender.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he awoke on July 12, 2009, to find that his girlfriend had committed suicide by overdosing on prescription medication. Four days later, Brondhaven arrested Plaintiff, who was charged with manslaughter. Plaintiff asserts that Burnett, an investigator, did not question him and neither did anyone else from the Mountain View Police Department. Plaintiff further claims that the prosecution is unable to produce any evidence that a crime has been committed, and that Claunch is not representing him appropriately. Plaintiff claims that a court ordered mental evaluation was completed on December 23, 2009, and that he has not been to court since that date. Plaintiff seeks his release and compensation.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal

3

>rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

It is clear from the complaint that Plaintiff is involved in an ongoing state judicial proceeding in connection with criminal charges. Given that the criminal matter is ongoing, that the state clearly has an important interest in enforcing criminal laws, and Plaintiff's ability to raise constitutional challenges in the context of his criminal case, the Court believes it should abstain from entertaining Plaintiff's constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Plaintiff's claims, it must decide whether to dismiss, or to stay, the case. When *Younger* abstention applies in case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, in *Stroud*, 179 F.3d at 603-04, the Eighth Circuit explained that:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

*Id.* at 603-04 (internal citations omitted).

Here, Plaintiff seeks damages, and does not seek a declaration that a state statute is unconstitutional. Accordingly, Plaintiff's complaint should be stayed and administratively terminated.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Clerk of the Court be directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal charges.

2. This case be subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.

DATED this __14__ day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE